**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | No. 2:21-CV-1216-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B-SIDE BAR, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2   with at least some degree of particularity overt acts by specific defendants which support the
3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4   impossible for the Court to conduct the screening required by law when the allegations are vague
5   and conclusory.

6         Plaintiff names as the only defendant the B-Side Bar.  See ECF No. 1.  According
7   to Plaintiff, an employee of the B-Side Bar falsely posed on Facebook and other social media that
8   Plaintiff is a "scammer."  Id. at 1.  Plaintiff alleges damage to his reputation as a result.  See id.

9         Plaintiff's complaint suffers two critical defects.  First, it fails to name an
10  individual acting under color of state law.  Second, it fails to allege a violation of a constitutional
11  or federal statutory right, instead alleging only a state law tort claim for defamation.  To state a
12  claim under § 1983Plaintiff must "plead that (1) the defendants acting under color of state law
13  (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  Gibson v. United
14  States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th
15  Cir. 2015); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc.
16  v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Wash. Cty., Or., 88 F.3d 804, 810
17  (9th Cir. 1996).  Here, Plaintiff does neither.

18        Because it does not appear possible that the deficiencies identified herein can be
19  cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
20  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1  Based on the foregoing, the undersigned recommends that this action be dismissed
2  for failure to state a claim.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.  See
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  September 8, 2021

    _____
    DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

3